STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-552


KAYLA CARPENTER, ON BEHALF OF ALEXIS WALTERS

VERSUS

STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2009-10517
HONORABLE JULES D. EDWARDS, DISTRICT JUDGE

**********

CANDYCE G. PERRET
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Candyce G. Perret, Judges.


AFFIRMED.


Jeffery F. Speer
George A. Wright
Doucet – Speer, APLC
P. O. Drawer 4303
Lafayette, LA 70502-4303
(337) 232-0405
COUNSEL FOR PLAINTIFF/APPELLANT:
    Kayla Carpenter
    Alexis Walters

**Jackson B. Bolinger**
**Leah B. Guilbeau & Associates**
**4023 Ambassador Caffery #100**
**Lafayette, LA 70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **State Farm Mutual Auto. Ins. Co.**

**PERRET, Judge.**

This is an appeal from a summary judgment dismissing the suit of plaintiff-appellant, Kayla Carpenter, on behalf of her daughter, Alexis Walters, against the sole remaining defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). For the following reasons, we affirm the judgment.

**FACTS:**

This litigation involves a claim for the alleged wrongful death of Sanchez J. Walters ("Mr. Walters") brought by Kayla Carpenter on behalf of her minor daughter, Alexis Walters (hereinafter, "Ms. Carpenter"). Ms. Carpenter alleged in her petition that on June 29, 2008, Mr. Walters was a passenger in a 2006 Toyota Scion when he was involved in a one-car accident and suffered fatal injuries. The other occupants in the vehicle at the time of the accident were Kylor Broussard and Nicholas Ledet. Although the driver of the vehicle has yet to be determined, the petition alleged that the 2006 Toyota Scion was owned by Randall Leger ("Mr. Leger") and that the accident was caused solely through the fault or negligent entrustment of Mr. Leger, Kylor Broussard, and/or Jon and Jane Ledet on behalf of their minor son, Nicholas Ledet (collectively, "the Ledets").

On June 8, 2016, Ms. Carpenter dismissed defendants Kylor Broussard and the Ledets, but reserved her right to proceed against State Farm for insurance coverage. Thereafter, on November 7, 2016, the trial court granted a summary judgment in favor of defendant Mr. Leger, dismissing all of Ms. Carpenter's claims against him with prejudice. Ms. Carpenter did not appeal this partial final judgment.

On December 2, 2016, State Farm filed a Motion for Summary Judgment, arguing that there is no liability coverage under its policy because Ms. Carpenter is unable to prove which occupant of the car was driving and that, regardless of who was driving, neither Mr. or Mrs. Leger, nor their son, Nicholas Leger, gave permission, express or implied, to anyone to use the 2006 Toyota Scion on the night of the

accident. In support of its Motion for Summary Judgment, State Farm attached: (1) the affidavit of Mr. Leger; (2) the affidavit of Shelley Leger; (3) the affidavit of Nicholas Leger; and (4) a copy of the State Farm policy at issue.

Although Ms. Carpenter did not offer or file any exhibits into the record in opposition to the Motion for Summary Judgment, she filed a memorandum arguing that the deposition of Kylor Broussard and the police statement of Regina Bell suggest that there are genuine issues of material fact regarding who was driving the vehicle and whether the driver had the implied permission to do so.

Following a hearing, the trial court rendered the February 21, 2017 judgment in favor of State Farm. Ms. Carpenter now appeals this final judgment.

**STANDARD OF REVIEW:**

An appellate court reviews a trial court's granting of a motion for summary judgment de novo. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544. Under this standard of review, the appellate court uses the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Id.*

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "[I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966 (D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a

genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

Here, State Farm is the mover who will not bear the burden of proof at trial. Accordingly, in its Motion for Summary Judgment, State Farm seeks to point out to the court the absence of factual support for one of the essential elements of Ms. Carpenter's action to trigger coverage under its automobile liability policy.

**DISCUSSION:**

On appeal, Ms. Carpenter alleges the following assignments of error: (1) the trial court erred when it failed to apply the concepts of implied permission to the insurance contract at issue; (2) the trial court erred when it failed to view the facts in the light most favorable to the non-moving party; and (3) the trial court erred when it granted summary judgment because there are genuine issues of material fact.

Louisiana Revised Statutes 32:900(B)(2) requires an automobile liability insurer to provide coverage to the named insured and to "any other person . . . using any such motor vehicle or motor vehicles with the express or implied permission of such named insured . . . ." This insurance policy provision is referred to as an "omnibus clause" and expands insurance coverage to include persons who are using the insured's vehicle with the insured's permission. *Manzella v. Doe*, 94-2854, (La. 12/8/95), 664 So.2d 398. As the supreme court stated in *Manzella*, "[t]he plaintiff has the burden of proving the fact of initial use with express or implied permission of the insured to make coverage effective under the omnibus clause" and the "initial permission must be proved by a preponderance of the evidence without the aid of any presumptions." *Id.* at 402 (citations omitted).

The three affidavits submitted by the Legers (Mr. Leger, Shelley Leger, and Nicholas Leger) indicate that the Toyota Scion was parked at their residence in Scott, Louisiana, on the night of the accident. The affidavits unanimously state that the vehicle was taken from their residence in the early hours of June 29, 2008, and that at

3

no time did the Legers give permission, express or implied, to Kylor Broussard, Nicholas Ledet, or Mr. Walters to use their Toyota Scion.

After having completed a de novo review of the evidence submitted by State Farm in support of its Motion for Summary Judgment, we find that State Farm met its burden of proving "the absence of factual support" for Ms. Carpenter's claim that the driver of the vehicle had the implied permission to be driving the Toyota Scion on June 29, 2008. Thereafter, the burden shifted to Ms. Carpenter "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *See* La.Code Civ.P. art. 966(D)(1). Although Ms. Carpenter argues the deposition testimony of Kylor Broussard and the police report of Regina Bell sustain her burden of proving who the driver was on the night of the accident, she failed to attach these exhibits to her opposition. Because Ms. Carpenter presented no evidence to show that she will be able to prove which of the three occupants was driving the car at the time of the accident and whether the driver had express or implied permission to drive the vehicle, we conclude that State Farm is entitled to summary judgment as a matter of law dismissing Ms. Carpenter's claim against it.

**DECREE:**

For these reasons, the judgment of the trial court granting summary judgment in favor of State Farm is affirmed.

**AFFIRMED.**

4